ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LACUAS LLC<br><br>Apelantes<br><br>v.<br><br>ANGELA MARIE<br>TORRES COLÓN<br><br>Apelados | KLCE202400869 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Mayagüez<br><br>Caso Número:<br>MZ2022CV00980<br><br>Sobre:<br>Incumplimiento de<br>contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante esta Curia, Lacuas, LLC (Lacuas o peticionaria) y solicita que revoquemos la *Resolución*[1] emitida el 11 de julio de 2024, mediante la cual el Tribunal de Primera Instancia, Sala de Mayagüez (TPI o foro primario) denegó la *Moción en Solicitud de Reconsideración de Orden (Sumac #76) y Resolución (Sumac #78).*

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.* Veamos.

### I.

La causa de acción objeto de este recurso, atinente a un *Contrato de Distribución de Ganancias* en el inmueble número 299-A de la Carretera 103 del Municipio de Cabo Rojo, se originó el 4 de julio de 2022.[2] En su demanda, el promovente de la causa reclama la expedición de una orden, dirigida a la Sra. Angela Marie Torres Colón (señora Torres Colón o recurrida) para dar cumplimiento específico, a los términos y condiciones del referido contrato que, versa sobre un negocio de arrendamientos a corto plazo. A esos

---

[1] Apéndice, pág. 128.
[2] Apéndice, págs. 58-66.

Número Identificador

RES2024_____

efectos, solicita autorización para continuar la administración y operación del negocio. Además, suplica que la señora Torres Colón se abstenga de tomar decisiones unilaterales e inconsultas sobre el negocio, entre otras particularidades.

Superados los asuntos preliminares del litigio, el foro primario celebró una conferencia inicial el 8 de mayo de 2024, producto de la cual, emitió una *Minuta*, notificada en autos el 15 de mayo de 2024.[3] De esta surge que, luego de escuchar las posturas de ambas partes sobre asuntos relacionados al acceso a la propiedad en disputa y el hallazgo de materiales de construcción en las inmediaciones del predio, el foro primario prohibió a ambas partes realizar mejoras, construcciones u obras en el inmueble objeto de este pleito, mientras se dilucida el mismo.

En reacción, el 29 de mayo de 2024, la señora Torres Colón instó una *Urgente moción sobre protección de derecho de propiedad sobre bien inmueble y sobre otros extremos*.[4] Lo antes, con el propósito de que se le autorice realizar labores de mantenimiento dirigidas a conservar el inmueble. Mediante un dictamen, notificado el 31 de mayo de 2024, el foro primario determinó lo siguiente:

"Ha lugar, conforme lo discutido en la vista celebrada el 8 de mayo de 2024, conforme a su derecho a la propiedad, este tribunal, autoriza a la Sra. Angela Marie Torres Colón a realizar las labores de mantenimiento necesarias para la conservación del inmueble en su propiedad localizada en el 299-A Carretera 103, Cabo Rojo, Puerto Rico. Se apercibe a dicha parte que no se autoriza la realización de ningún tipo de trabajo de construcción o demolición."[5]

En desacuerdo, el 3 de junio de 2024, Lacuas solicitó la nulidad de la referida orden.[6] Argumentó que, el foro primario autorizó a la recurrida a realizar trabajos de mantenimiento como un remedio provisional, según la Regla 56 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 56, sin antes permitirle

---

[3] Apéndice, págs. 75-76.
[4] Apéndice, págs. 77-79.
[5] Apéndice, pág. 100.
[6] Apéndice, págs. 102-107.

expresarse al respecto y sin que la recurrida detallara cuáles labores de mantenimiento se proponía realizar.

En atención a lo anterior, el foro primario notificó una *Resolución* el 5 de junio de 2024.[7] Allí hizo constar que, el referido asunto fue objeto de discusión durante la vista celebrada el 8 de mayo de 2024. A lo antes añadió que, el dictamen cuya nulidad Lacuas solicitó, más bien es de naturaleza aclaratoria de la primera orden (emitida el 15 de mayo de 2024). Expuso que, su propósito es evitar el deterioro del inmueble lo cual no constituye un remedio provisional. Sobre tales bases, denegó la solicitud interpuesta por la peticionaria.

No conteste, el 14 de junio de 2024, Lacuas nuevamente cuestionó la determinación del TPI. Por ello presentó la *Moción en Solicitud de Reconsideración de Orden (Sumac #76) y Resolución (Sumac #78)* con el fin de revisar tanto el dictamen notificado el 31 de mayo de 2024, como la *Resolución* notificada el 5 de junio de 2024. Argumentó, entre otros, que el dictamen autorizando a la recurrida a realizar labores de mantenimiento es contrario a derecho, por tratarse de un asunto que no es objeto de la demanda, y por constituir un remedio provisional otorgable solo cuando se cumplen los requisitos de la Regla 56 de las Reglas de Procedimiento Civil, *supra.*

Evaluado lo anterior, el foro primario se negó a reconsiderar y en su dictamen notificado el 11 de julio de 2024, expresó lo siguiente:

> No ha lugar a la solicitud de reconsideración. Se aclara además que el asunto de la Orden emitida el 30 de mayo de 2024 (SUMAC #76), fue objeto de revisión a solicitud de la parte demandante mediante moción presentada el 3 de junio de 2024 (SUMAC #77), donde precisamente solicitaba la nulidad de la orden, la cual fue resuelta por este tribunal el 4 de junio de 2024 (SUMAC #78), por lo que no procede en derecho solicitar nuevamente una reconsideración a un asunto que ya fue reconsiderado por este tribunal. [...][8]

---

[7] Apéndice, págs. 108-110.
[8] Apéndice, pág. 128.

Inconforme, la peticionaria presenta ante esta Curia el recurso de epígrafe en el cual le imputa al foro primario lo siguiente:

Erró el TPI al conceder un remedio provisional a favor de la Demandada-Recurrida sin que se diera cumplimiento a la Regla 56, *supra.*

Erró el TPI en su *dictum* en la Resolución SUMAC#80, alegando que existe una segunda reconsideración, aunque tanto la Moción de Nulidad como la Reconsideración SUMAC#79, fueron presentadas dentro del término provisto por la Regla 47 para la Orden SUMAC#76.

Examinado con detenimiento el recurso sometido ante nuestra consideración, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

**II.**

**A.** *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que, el

recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1 también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la cual esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### III.

En su recurso, la peticionaria nos solicita que ejerzamos nuestra función discrecional a los fines de intervenir con el dictamen notificado el 11 de julio de 2024 y sus efectos sobre la *Resolución* notificada el 5 de junio de 2024, ambas de naturaleza interlocutoria.

Según expusimos en el tracto procesal, durante la conferencia inicial celebrada el 8 de mayo de 2024, el foro primario atendió controversias sobre el acceso a la propiedad en disputa. En particular se discutió la presencia de unos candados que impiden el acceso y materiales de construcción en las inmediaciones de la propiedad. Surge de la minuta que, el TPI advirtió sobre el derecho de un propietario al disfrute de su propiedad y la importancia de no coartar derechos de uso. En su consecuencia, el TPI mediante la *Minuta* notificada el 15 de mayo de 2024, prohibió actos de construcción y obras. Luego, en atención a una solicitud de la recurrida, el TPI emitió otra *Resolución* el 31 de mayo de 2024 en la

que específicamente hizo referencia a lo discutido en la vista inicial y autorizó a la Sra. Torres Colón a realizar labores de mantenimiento para conservar el inmueble. Lacuas inicialmente solicitó la revisión del dictamen del TPI, notificado el 31 de mayo de 2024, mediante la *Urgente moción sobre nulidad de orden a la entrada Sumac #76* instada el 3 de junio de 2024. Como fundamento para su petitorio, discutió la aplicación de la Regla 56 de las Reglas de Procedimiento Civil, *supra,* y que el foro primario resolvió a favor de la recurrida sin antes permitirle oponerse y expresarse.

En respuesta a lo anterior, el foro primario notificó otra *Resolución* el 5 de junio de 2024. Colegimos del referido dictamen que, el TPI acogió la *Urgente moción sobre nulidad de orden a la entrada Sumac #76* como un petitorio de reconsideración y allí dispuso que, la autorización a la recurrida a realizar labores de mantenimiento no constituye un remedio provisional, más bien procura evitar el deterioro del inmueble objeto de este pleito. De otra parte, el foro primario denegó el planteamiento de la peticionaria sobre la presunta violación a su debido proceso de ley. Ello, bajo el fundamento de que, tal cual admitió Lacuas en su moción, este asunto fue discutido durante la vista celebrada el 8 de mayo de 2024, a la cual dicha parte compareció y tuvo derecho a expresarse y oponerse.

Como vimos, la peticionaria posteriormente instó una moción intitulada *Moción en Solicitud de Reconsideración de Orden (SUMAC #76) y Resolución (SUMAC #78)* en la que nuevamente expresó su interés en que el TPI reconsiderara tanto el dictamen notificado el 31 de mayo de 2024, como el notificado el 5 de junio de 2024. Ello, por entender que, se trataba de un remedio provisional sin cumplir un debido proceso de ley. Evaluado lo anterior, y tomando en consideración que el TPI atendió la *Urgente moción sobre nulidad de orden a la entrada Sumac #76* como una solicitud de

reconsideración, el foro *a quo* dispuso que no procede una segunda reconsideración sobre un mismo asunto.

De nuestro estudio sosegado del recurso de la peticionaria y del expediente en su totalidad, no hallamos criterio jurídico alguno que justifique que impongamos nuestra función discrecional para dejar sin efecto el dictamen impugnado. Al resolver como lo hizo, el TPI no abusó de su discreción ni incurrió en error manifiesto, arbitrariedad o capricho, en atención a los criterios que establece la Regla 40 de nuestro Reglamento, *supra,* y a la norma de abstención judicial que regula el ejercicio de nuestras funciones en dictámenes como el de autos. A lo anterior se añade que, la peticionaria no nos ha puesto en posición de determinar lo contrario. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari,* en aras de evitar un fracaso a la justicia. A esos efectos, nada justifica que intervengamos con el dictamen recurrido en esta etapa de los procesos.

### IV.

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones